IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES ROGER BLACKSTON,      )
*et al.*,                    )
                            )
    Plaintiffs,          )
                            )
v.                          )        CIVIL ACTION NO.
                            )        2:04cv348-T
STATE OF ALABAMA, *et al.*, )           (WO)
                            )
    Defendants.          )

OPINION

This litigation is now before the court on the recommendation of the United States Magistrate Judge that the defendants' motion to dismiss be granted; that the plaintiffs' state-law claims and their claims that the defendants are in contempt of court for violating the court's order to abide by the terms of the settlement agreement be dismissed without prejudice; that the plaintiffs' remaining claims be dismissed with prejudice; and that the plaintiffs' motions for contempt and emergency injunctive relief and motion to expedite be denied. After and independent and de novo review of the record, including the plaintiffs' objections to the recommendation, the court

concludes that further discussion regarding several of the plaintiffs' assertions is warranted.

First, the plaintiffs fail to understand that their claims concerning the 1995 and 2003 settlement agreements should be raised in their prior cases and not in this case. As discussed in the recommendation, the law of this circuit requires that the plaintiffs' requests to enforce the court's prior orders to abide by the terms of the settlement agreements must be filed as a contempt motion in the original lawsuit, rather than as a claim in the present action. *See U.S. v. Mine Workers of Am.*, 330 U.S. 258, 270 n. 38 (1947); *Reynolds v. McInnes*, 338 F.3d 1201, 1208 (11th Cir. 2003); *Florida Ass'n for Retarded Citizens, Inc. v. Bush*, 246 F.3d 1296, 1299 (11th Cir. 2001); *Hodgson v. Hotard*, 436 F.2d 1110, 1114 (5th Cir. 1971).

Second, the plaintiffs argue that the magistrate judge illegally entered a declaratory judgment by ordering the defendants to place the Policy Studies report on their website. It is clear from a review of the record that the

2

plaintiffs have misconstrued the court's order.  During oral argument, the defendants volunteered to place the report on their website.  The court then ordered the defendants to provide notice within ten days that they had done so; the court did not order the defendants to do anything except give notice that they had posted the report.

Finally, the plaintiffs object to the magistrate judge's conclusion that their claim about the Policy Studies report is moot.  The plaintiffs claim that the defendants will repeat their actions.  However, there has been no showing that the defendants' actions will be repeated.  As discussed in the recommendation, the court may presume that the government officials in this case will continue to publish the updated child support schedule reports on the Administrative Office of Court's website or will otherwise ensure that the plaintiffs are able to distribute the information to their constituents in the future.  *See Troiano v. Supervisor of Elections in Palm Beach Co.*, 382 F.3d 1276, 1283 (11th Cir. 2004); *Coral Springs St. Sys.,*

3

*Inc. v. City of Sunrise*, 371 F.3d 1320, 1328-29 (11th Cir. 2004). **Prior to the filing of this lawsuit, the defendants provided the plaintiffs with copies of the report in written format and, during the pendency of this case, the defendants voluntarily agreed to post the report on their website and complied with this court's order by providing notice that the information was posted on the Administrative Office of Court's website. The court therefore trusts that the defendants will continue to publish any additional updated child support guideline reports on their website in Adobe® PDF Format.**

**Furthermore, although the plaintiffs argue that their previous lawsuits against government officials demonstrate that the defendants cannot be trusted, there is no showing that the named defendants in this case at any time, past or present, have refused to allow the plaintiffs to photocopy or otherwise distribute the reports to members of their group. In addition, the plaintiffs did not name Policy Studies as a defendant in this case. Thus, this court**

**4**

agrees that the plaintiffs' claim that the study was not accessible to them in the same manner as other members is due to be dismissed.

An appropriate judgment will be entered.

DONE, this the 23rd of May, 2005.


        /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE